FRANCIS v. TILYOU.

(Supreme Court, Appellate Division, Second Department. February 11, 1898.)

1. APPEAL—SUFFICIENCY OF NOTICE.
　　A notice of appeal from an order must be sufficiently definite and certain to designate the particular order appealed from, and for that purpose should state its character.

2. SAME—ORDER DENYING NEW TRIAL.
　　A notice of appeal, dated April 3, 1897, stated that defendant appealed "from the order and judgment heretofore made and entered herein * * * on the

8th day of March, 1897." The clerk's minutes showed that a motion for a new trial was made and denied on March 5, 1897. There was also an order entered in January, 1897, substituting attorneys, and in August, 1897, a formal order was entered denying the motion for a new trial. No such order was of record on the date specified in the notice of appeal. *Held*, that there was no appeal from the order denying the motion for a new trial, and that, therefore, no basis existed for a review of the facts in the appellate court.

3. MALICIOUS PROSECUTION—PROBABLE CAUSE.

Where, in an action for malicious prosecution, there is no dispute of the facts upon which the defendant acted in causing the arrest and in making the complaint, the question of probable cause is for the court.

4. SAME—EVIDENCE.

In an action for malicious prosecution it appeared without dispute that defendant was informed by the watchman employed by him at his bath houses that plaintiff had made two attempts to break into the same, and thereupon, acting upon such information, he made a complaint to the magistrate, and procured plaintiff's arrest without a warrant. *Held*, that the information received constituted probable cause, and exonerated defendant from liability for the arrest.

5. SAME—QUESTION FOR JURY.

After the complaint was made, and the arrest had, upon a charge of burglary or attempted burglary, the defendant, upon the advice of the justice, abandoned that charge, and signed a complaint for vagrancy, upon which plaintiff was held in custody, and subsequently tried, and, upon inconclusive and conflicting evidence, was acquitted. *Held*, that his subsequent detention and trial could only be justified upon the fact that he was guilty of the charge of vagrancy, and that this was a question for the jury.

Appeal from trial term.

Action by Patrick Francis against George C. Tilyou. From a judgment on a verdict, defendant appeals. Affirmed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

William Hughes, for appellant.

Henry A. Powell, for respondent.

HATCH, J. The notice of appeal states that the appellant appeals "from the order and judgment heretofore made and entered in the office of the clerk of the county of Kings on the 8th day of March, 1897, * * * and from each and every part of said order and judgment." The notice is dated April 3, 1897. At that time no formal order denying a motion for a new trial had been entered, and was not entered, as disclosed by the record, until August, 1897. The clerk's minutes, which may be considered as the record of an order denying a motion for a new trial, recite that such motion was made and denied, but this was upon the 5th day of March, 1897. There was also another order entered in the case, substituting attorneys, on the 28th day of January, 1897. The notice of appeal is, therefore, insufficient as an appeal from the order denying a motion for a new trial. It does not specify any such order, and the designation of a particular date shows that no such order was of record as of that date. The notice of appeal must be sufficiently definite and certain to designate the particular order appealed from, and for that purpose should state its character. This notice is essentially defective, in that it fails to designate with sufficient particularity the order from which an appeal is attempted to be taken.

There being no appeal from the order denying a motion for a new trial, there is no basis upon which a review of the facts may be had in this court. Thurber v. Railroad Co., 60 N. Y. 326. There was, however, a motion made at the close of the case to dismiss the complaint upon the ground that the defendant had reasonable and probable cause in procuring the arrest of the plaintiff, and also an exception taken to the charge of the court in its statement that the defendant must have reasonable and probable cause to believe that the plaintiff was guilty of vagrancy. The case is, therefore, so far before us as to require the determination as to whether the proof given upon the trial was sufficient to authorize the submission of these questions to the jury. The action is brought to recover damages for malicious prosecution in causing the arrest of the plaintiff. The case disclosed—and this without dispute—that the defendant was informed by the watchman employed by him at his bath houses that the plaintiff had attempted to break into the same, and thereupon, acting upon such information, he made a complaint to the magistrate, and procured the arrest of the plaintiff without any warrant being issued for his apprehension. The information communicated by the watchman was, in substance, that the plaintiff had made two attempts to break into the bath houses, and, while the fact of the attempt was disputed by the plaintiff, there is no contradiction of the fact that the defendant was so informed, and immediately acted upon such information. We are of opinion that this information was sufficient upon which the defendant might safely act in making the complaint and procuring the arrest of the person of the plaintiff, although no warrant had been issued at the time the arrest was made. We have recently had occasion to reiterate the doctrine of what constitutes probable cause. George v. Johnson (Sup.; opinion by Bartlett, J.; not yet officially reported), 49 N. Y. Supp. 203. As there was no dispute of the facts upon which the defendant acted in causing the arrest and in making the complaint, the question of probable cause was for the court (Anderson v. How, 116 N. Y. 336, 22 N. E. 695); and upon the facts as developed in this case, bearing upon that subject, we think there was sufficient to justify the action of the defendant, and exonerate him from liability therefor. If this were all there was of the case, it would follow that error was committed in refusing to dismiss upon the defendant's motion. But it further appears that, after the complaint was made and the arrest was had, the justice stated to the plaintiff, as testified to by him:

" 'George, this is a serious charge.' I says, 'I don't see how you can make anything else out of it only burglary or attempted burglary.' 'Well,' he says, 'it is pretty severe. I think vagrancy is about the proper thing.' He said I had better make it vagrancy. Then he drew up a vagrancy complaint, and I signed it, and the case was set down for trial."

It clearly appears from this testimony that, while the arrest may be justified, the charge of vagrancy may not be disposed of under the evidence as a question of law, but upon the proof in the case such question became one of fact. The plaintiff, after the charge of vagrancy was made, was detained and held in custody upon such

charge, and that alone, and whatever justification there might have been for the arrest on the charge of burglary or attempted burglary could not avail to aid the defendant in support of the subsequent specific charge which was made. When the charge of burglary or attempted burglary was abandoned, the plaintiff was no longer held for that, and his subsequent detention and trial could only be justified upon the fact that he was guilty of the offense of vagrancy. As to whether or not he was guilty of this offense, the proof upon the trial was inconclusive and conflicting. The plaintiff was acquitted of the charge, and the court was right in charging the jury as it did upon this subject, and was, for the same reason, also justified in denying the motion to dismiss the complaint. Upon the latter charge the question was for the jury, and, they having found a verdict in plaintiff's favor, we are not only without authority to disturb it, but, if we possessed authority to review the facts, should be constrained to hold that there was sufficient evidence for such purpose.

The judgment should be affirmed. All concur.