J. JACOB OWENS, Respondent, v. NEW ROCHELLE COAL AND LUMBER COMPANY, Appellant.

*Malicious prosecution — probable cause, a question for the jury.*

In determining, in an action for malicious prosecution, whether there is probable cause the inquiry is not limited to facts within the prosecutor's knowledge, but the information given to the prosecutor by others may be shown. The question of how far information received from another is a justification for the act of the defendant, in causing the arrest of the plaintiff, is not one of law for the court, but one of fact for the jury.

In such an action, brought by a contractor who had been arrested on a charge of petit larceny preferred by the defendant and subsequently acquitted, it appeared that the plaintiff, who was grading a plot of land belonging to one Mapes, ordered of the defendant stone for use thereon to be charged to Mapes' account, which stone was delivered at the premises of Mapes and receipted for by Mrs. Mapes; that subsequently Mapes repudiated the authority of the plaintiff to order the stone on his account, whereupon the defendant presented the bill to the plaintiff, and, according to the plaintiff's testimony, threatened on one occasion to lock him up, and on another occasion wrote, saying "unless you pay the bill by Friday at 3 P. M., we will take measures to make you do so," and upon his refusal to pay, procured his arrest. It also appeared that the defendant, to whom Mapes had refused to give an affidavit that he had not authorized the plaintiff to order the stone, instead of procuring the attendance of Mapes before the magistrate when it applied for the warrant, had one of its officers make an affidavit, of his own knowledge, of the falsity of the plaintiff's representation when he ordered the stone, although the information of the affiant on that subject rested solely upon the information received by him from Mapes.

*Held*, that the delivery and use of the stone upon Mapes' premises and the receipt given by his wife, while not conclusively showing the absence of intent on the part of the plaintiff to defraud the defendant, bore strongly on that question, while from the letter of the defendant to the plaintiff and the threat to lock him up, if the bill was not paid, it might be inferred that the prosecution was instituted simply to enforce payment of the debt; and that under these circumstances the good faith of the defendant, its belief in the guilt of the plaintiff and the existence of probable cause for such belief, were questions for the jury to determine.

APPEAL by the defendants, the New Rochelle Coal and Lumber Company, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Westchester on the 19th day of October, 1898, upon the verdict of a jury, and also from an order entered in said clerk's office on the 19th day

of October, 1898, denying the defendant's motion for a new trial made upon the minutes.

*J. Addison Young,* for the appellant.

*Michael J. Tierney,* for the respondent.

CULLEN, J.:

The plaintiff made a contract to grade and make paths in a plot of land belonging to one Mapes. Crushed blue stone was necessary for the construction of the paths. The plaintiff testified that on applying to Mapes for some money to get the blue stone, Mapes told him that he was short of money, but directed him to order the stone from the defendant on his (Mapes') account. Thereupon the plaintiff ordered the blue stone from the defendant. The stone, amounting in value to eight dollars and ninety-four cents, was delivered at the premises of Mapes, and Mrs. Mapes gave receipts for the deliveries. Mapes had a running account with the defendant, and some time after the delivery of the stone the defendant sent its bill to Mapes. After retaining the bill for some period, Mapes paid its amount, deducting the items of stone ordered by the plaintiff, and wrote repudiating the authority of the plaintiff to order that stone on his account. Thereupon an officer of the defendant went to the plaintiff and told him of Mapes' denial of any authority given by him to plaintiff to order the stone, and, according to plaintiff's testimony, said to him : " If you don't pay it. I will lock you up ; that's all now, and have no tomfoolery." In response plaintiff told the defendant's agent that Mapes had authorized him to purchase the goods. Shortly after defendant wrote to the plaintiff repeating Mapes' denial of authority, and concluding, " so we beg to say that unless you pay the bill by Friday at 3 P. M. we will take measures to make you do so." The plaintiff did not pay the bill, and thereupon the treasurer of the defendant went before a police justice and made an affidavit charging the plaintiff with the offense of petit larceny, and procured the issue of a warrant on this charge. The plaintiff was arrested and confined in the police station until he gave bail. He was tried before a jury and acquitted. On the trial Mapes testified that he had given the plaintiff no permission to order the stone. The plaintiff testified to a conversation in which

Mapes told him to order the stone, and this testimony was corroborated by two other witnesses, who swore they heard the conversation. After his discharge the plaintiff brought this suit for his prosecution, and recovered a verdict, and from the judgment entered thereon this appeal is taken.

The only point that is raised on this appeal is that the evidence failed to show want of probable cause in instituting the prosecution, for if the defendant had probable cause for the charge it was not liable, though in fact the plaintiff might prove to be innocent. As to the details of the transaction there was dispute only in one respect, that was whether Mapes had authorized the plaintiff to order the stone on his account. But though this was the only primary fact in dispute, it was an essential element of the crime charged that the plaintiff should, in making the representation to the defendant of authority from Mapes, have intended to cheat and defraud the defendant. Such intent, though incapable of direct proof, was a fact as necessary to establish by the circumstances of the case as the lack of authority. Probable cause is defined to be " such a state of facts and circumstances as would lead a man of ordinary caution and prudence, acting conscientiously, impartially, reasonably and without prejudice upon the facts within his knowledge, to believe that the person accused is guilty." (*Heyne* v. *Blair*, 62 N. Y. 19.) And in determining whether there is probable cause or not the inquiry is not limited to facts within the prosecutor's knowledge, but the information given to the prosecutor by others may be shown. (*Miller* v. *Milligan*, 48 Barb. 30 ; *Bacon* v. *Towne*, 4 Cush. 217.) But the question of how far the information received from Mapes was a justification for the act of the defendant in causing the arrest of the plaintiff was not one of law for the court, but one of fact for the jury. (*Heyne* v. *Blair*, *supra* ; *Wass* v. *Stephens*, 128 N. Y. 123.) The determination of that question depended upon two considerations, the credibility of Mapes and the attendant circumstances of the case. The defendant asked Mapes for his affidavit that he had given no authority to the plaintiff to order the stone. This Mapes, under the advice of his lawyer, as he said, had refused to give. The defendant, instead of procuring the attendance of Mapes before the magistrate when it applied for the warrant, had one of its officers make

a positive affidavit of his own knowledge of the falsity of the plaintiff's representation when he ordered the stone, although concededly the knowledge of the affiant on that subject was solely the information received from Mapes. The stone was in fact delivered to Mapes' premises and used thereon. The wife of Mapes had receipted for the goods. These facts, while they did not conclusively show an absence of intent on the part of the plaintiff to defraud the defendant, bore strongly on that question. Besides this, from the letter of the defendant to the plaintiff, and the threat to lock him up if the bill was not paid, it might be inferred that the prosecution was instituted simply to enforce payment of the debt. In fact, the treasurer of the defendant testified on this trial that the reason he did not sue for the claim was that it would cost more than the amount of the claim. Under these circumstances, within the authorities cited above, we think that the good faith of the defendant, its belief in the guilt of the plaintiff, and the existence of probable cause for such belief, if the defendant had it, were for the jury to determine, and did not present a question of law to be decided by the court.

The judgment and order appealed from should be affirmed, with costs.

Judgment and order unanimously affirmed, with costs.