(31 Misc. Rep. 379.)

ERICSON v. EDISON ELECTRIC ILLUMINATING CO.

(Supreme Court, Trial Term, Kings County. May, 1900.)

MALICIOUS PROSECUTION—PROBABLE CAUSE—QUESTIONS FOR JURY.

Where probable cause was pleaded to an action for malicious prosecution for larceny of electricity, and an inspector testified that plaintiff had tapped the current at a certain point before it passed through his meter, and the inspector's affidavit made at the time of the arrest stated merely that plaintiff had tapped the wires so as to supply himself with light without recording the amount consumed, and the evidence was vague as to whether the facts testified to by the inspector were communicated to the defendant's secretary prior to his causing plaintiff's arrest, it was proper to submit such question to the jury.

Action by Andrew Ericson against the Edison Electric Illuminating Company. Motions to dismiss and for a new trial. Denied.

J. Edward Swanstrom, for plaintiff.

Frank Harvey Field, for defendant.

GAYNOR, J. The arrest of the plaintiff was caused by the assistant secretary of the defendant company. The question of whether the defendant had probable cause for the arrest is therefore a question whether its said secretary had probable cause, for he stands as the company in that respect. I hesitated over the motion to dismiss at the close of the evidence, and reserved it until after verdict. This question of whether the secretary had probable cause was of course the critical one on the trial, as the question of probable cause always is in actions for malicious prosecution. Whether he had probable cause depends on whether the information on which he acted was sufficient to cause a prudent person to believe that this plaintiff was guilty of the offense charged. I hesitated to rule as matter of law that he had probable cause, and dismiss the case, only because the evidence in respect of what information had been communicated to him seemed to me to have fallen somewhat short. I have since looked into the matter carefully. The company was supplying the plaintiff with electric lights. Its supply wire came from the street into the cellar and connected with a meter, and then from the meter ran the service wire. That the plaintiff had connected wires with the company's wire, and had been in that way using electric current for additional lights for about three months, was not disputed; but the fact most litigated on the trial was whether such connection was made with the company's wire before or after it reached the meter. If the former was the fact, no question was made but that it would be a larceny of the company's electric current; if the latter, it would be no larceny, for the electricity taken would be measured by the

meter. It would be the same as connecting additional pipes and jets on the service pipe from a gas meter, which is a common thing.

The evidence on the head of whether the assistant secretary had information which constituted probable cause is in brief as follows: An employee of the plaintiff having quit his service went to the said secretary and informed him that the plaintiff had connected wires with the company's wires in his cellar, and was using lights from such connection. He did not exactly understand whether the current thus taken passed through the meter or not, and so informed the secretary. Thereupon the secretary sent two employees of the company, viz., the inspector of construction and a special inspector, to the plaintiff's place to make a thorough examination. They testified in a precise and definite manner that they found the plaintiff's wires connected with the defendant's supply wire in the cellar at a point before it reached the meter, giving the exact point. But neither of them was asked if he reported to the secretary what he had found, or to tell what facts he communicated to him, and they gave no testimony on that head. The secretary testified that he informed the defendant's counsel of the information brought to him by the plaintiff's said employee first, and by the two inspectors he had sent afterwards, and that said counsel advised him that the evidence was sufficient to warrant the arrest; and that the counsel afterwards examined the said persons in his presence, and then repeated the same advice. He did not specify any facts or particulars of the information he received from the said witnesses and communicated to the counsel, or any facts stated by the said witnesses to counsel in his presence. The counsel also testified with indefiniteness that the statement made to him by the secretary "was that the information had been brought to him by these several witnesses, the inspectors and the man who had been formerly employed by Mr. Ericson, that there had been a continuous use of electricity by reason of wires connected in a way so that the electricity was not registered in the meter"; that he examined the said witnesses, part of the time in the secretary's presence, and advised him that "under the facts as they were presented by the witnesses" the plaintiff should be arrested for larceny; and thereupon affidavits by the said secretary, and by the said former employee of the plaintiff and inspector of construction, were laid before a magistrate and the warrant of arrest obtained thereon. No affidavit of the other inspector appears to have been taken. The first of these affidavits has to be left out of account, for the affiant (the secretary) knew none of the facts, and does not state therein that any facts concerning the connection of the plaintiff's wires, or the point where they were connected, were communicated to him; but as the other two are evidence of the disclosure of any facts they contain to the secretary and counsel, they need to be scrutinized to see what facts they disclose. The second, that of the plaintiff's former employee, states where the connection was made, giving technical names and details, however, which could not have been given by the affiant, for he was unskilled in the subject; and besides, on the head of what it communicated to the secretary it has to be considered in connection with the affiant's testimony on the trial that he could

not tell whether the current was tapped by the plaintiff's wires before or after it had passed through the meter, and so told the secretary. That of the inspector does not detail any facts, but says in general terms that the affiant found "that the wires of said company supplying electric lights current to said premises had been tapped in such a manner as to supply said premises with light without in any manner registering or recording the amount of light consumed and used by means of such wires"; which is only a rather vague statement of the witness' conclusion, at best.

In this uncertain state of the evidence as to what facts were communicated to the secretary before he applied for the warrant of arrest, it now seems to me that it was necessary to submit to the jury the question whether the facts given in evidence on the trial by the two inspectors in respect of the connection of the plaintiff's wires with those of the company, were communicated by them to the defendant's said secretary before the warrant of arrest was obtained. That question was submitted to the jury with the instruction that if they found that such facts were so communicated, they should find a verdict for the defendant. It seems to me now as it did on the trial, that if such facts had been communicated to the secretary and counsel, they would have had probable cause to ask for the warrant. But there was and is uncertainty in respect of what was actually communicated to them; and thus a question of fact was presented on that head. Where in any jury case the facts are undisputed, and different inferences may not be drawn from them, they present a question for the court and not for the jury. Brown v. McBride, 24 Misc. Rep. 235, 52 N. Y. Supp. 620. If the details given by these two inspectors on the witness stand had been communicated to the secretary they would have been to him probable cause (Francis v. Tilyou, 26 App. Div. 340, 49 N. Y. Supp. 799), and that would have been probable cause to the defendant (Kutner v. Fargo, 34 App. Div. 317, 54 N. Y. Supp. 332). It is true that the headnote to Owens v. Lumber Co., 38 App. Div. 53, 55 N. Y. Supp. 913, says that "the question of how far information received from another is a justification for the act of the defendant, in causing the arrest of the plaintiff, is not one of law for the court, but one of fact for the jury." [1] This is obviously not the law. If there be no dispute that the defendant received the information, the question whether it amounts to probable cause is one for the court. If, however, the information though sufficient in its substance be of

---

[1] The following is the syllabus in 55 N. Y. Supp. 913: "Plaintiff had contracted with M. to improve a lawn, and ordered goods to be used in making the improvement from defendant on M.'s account. The goods were delivered on M.'s premises, his wife receipted for them, and they were used in the improvement. M. refused to pay, claiming he had given plaintiff no authority to order them on his account. Defendant informed plaintiff of this, and told him he would be locked up if he did not pay for the goods. M. refused to give defendant his affidavit that he had not authorized plaintiff to buy the goods, saying the refusal was on the advice of counsel. Defendant made complaint to a justice against plaintiff for the larceny of the goods so purchased without first procuring M.'s attendance. *Held*, that the question of defendant's good faith, and whether he had probable cause, was for the jury."

an origin or character that makes it dubious, it goes to the jury on the question whether a prudent person would have accepted it for the purpose of arresting another. And on reference to the opinion in the case this headnote is found to be a false one. It is founded on the particular statement in the opinion that "the question of how far the information received from Mapes was a justification for the act of the defendant in causing the arrest of the plaintiff was not one of law for the court, but one of fact for the jury." This is a very different thing; and the opinion proceeds to state facts known to the defendant which might well have deterred a prudent person from giving credence to the statements of Mapes.

The reserved motion to dismiss has to be denied. And though the verdict is not to my liking, I do not see that I should set it aside for being against the weight of evidence on the question of whether the point where the plaintiff's wires were connected with the defendant's was before or after the current reached the meter. The testimony on that head is not only conflicting, but presents considerations and arguments on the score of probability which belong to a jury. The defendant staked the question of probable cause, not so much on the claim that information was communicated to it which amounted to probable cause, but on the question whether the crime had been actually committed.

The motion to dismiss, and the motion for a new trial on the minutes, are denied.