### GIORGIO v. BATTERMAN.

(Supreme Court, Appellate Division, Second Department. October 8, 1909.)

1. MALICIOUS PROSECUTION (§ 18*)—WANT OF PROBABLE CAUSE—STATEMENTS OF OTHERS.

Plaintiff and another were watchmen in defendant's store, and the other watchman called the superintendent to the store and told him that he had seen plaintiff trying something on, and accused him, when he came downstairs, of having stolen goods under his shirt, and compelled him to take off a smoking jacket which he had under his shirt, and also found two pairs of defendant's gloves in plaintiff's coat pocket, which he accus- ed him of stealing, but plaintiff begged him not to expose him and of- fered hush money; that he wrote on a paper the words, "2 pair gloves 1 jacket stilen 11/19," which plaintiff signed. When these facts were told the superintendent, he sent for the police and had plaintiff brought to the store, where the charge was repeated in the superintendent's pres-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

ence, and denied; but there was evidence, which was contradicted, that plaintiff hesitated before denying, and the evidence showed that he actually signed the confession. *Held*, that the superintendent had probable cause for having plaintiff prosecuted for theft, and plaintiff's denial did not destroy such probable cause.

[Ed. Note.—For other cases, see Malicious Prosecution, Cent. Dig. § 29; Dec. Dig. § 18.*]

2. ARREST (§ 63*)—CRIMINAL CHARGE—ARREST WITHOUT WARRANT.

Under Code Cr. Proc. § 177, authorizing a peace officer to arrest without warrant for a crime committed in his presence, or where a felony has been committed though not in his presence, if the theft of goods worth less than $25 was committed in the presence of defendant's night watchman, and the watchman was the principal in arresting the thief, the arrest was lawful, though made without a warrant.

[Ed. Note.—For other cases, see Arrest, Cent. Dig. §§ 147, 148; Dec. Dig. § 63.*]

3. FALSE IMPRISONMENT (§ 7*)—RIGHT OF ACTION.

If plaintiff was arrested by defendant's night watchman while he was stealing goods from defendant's store, as he lawfully might be, though without a warrant, and was actually guilty of the theft, there was not even a technical false imprisonment.

[Ed. Note.—For other cases, see False Imprisonment, Cent. Dig. § 6; Dec. Dig. § 7.*]

Appeal from Trial Term, Kings County.

Action for malicious prosecution and false imprisonment by Antonio Giorgio against H. Batterman. From a judgment for plaintiff, defendant appeals. ·Reversed, and new trial ordered.

Argued before HIRSCHBERG, · P. J., and JENKS, GAYNOR, BURR, and RICH, JJ.

Edward M. Grout (Dean Potter and Frank R. Greene, on the brief), for appellant.

George V. S. Williams (John E. Walker, on the brief), for respondent.

GAYNOR, J. The motion at the close to dismiss the cause of action for malicious prosecution should have been granted. The plaintiff and another were the day watchmen on Sundays in the dry goods establishment of the defendant. a corporation. The superintendent of the establishment was called to the store by the said other watchman by telephone of a Sunday evening. He was then told by the said watchman that he had seen the plaintiff upstairs trying something on; that he also looked at his coat in the closet and found two pairs of gloves of the defendant in the pocket, and took them; that he went downstairs and waited until the plaintiff came down; that he accused him of having something on under his shirt which he had stolen; that he compelled him to strip and take off a smoking jacket of the defendant which he had on under his shirt; that he also accused him of stealing the gloves, and showed them to him and told him he had taken them from his coat pocket; that the plaintiff begged him not to expose him, and offered to pay him money if he would remain silent about the matter; that he (the said companion watchman) wrote on a paper the words and figures "2 pair gloves 1 jacket stilen 11/19"

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

("stilen" for stolen, he being a German, and "11/19" for the month and day) and the plaintiff signed the same. He exhibited the gloves, the jacket and the said paper to the superintendent, who sent for the police. They went to the plaintiff's house and brought him to the store. On his arrival the accusation was repeated by his said companion to the superintendent in his presence. He denied it. There is evidence that he hesitated before denying, but that is disputed. He testified on the trial that he did not sign the said alleged confession, but his signatures to the complaint herein, to the bail bond before the magistrate, and made twice during the trial herein at the request of counsel, show positively that he did. If the jury found otherwise, the verdict would have to be set aside, and from the size of the verdict they appear to have done so, for if they had found that he perjured himself on that head it cannot be believed that they would have given him more than a small verdict; viz., for the cause of action for false imprisonment.

As matter of law the superintendent had probable cause on the facts as they were given to him for causing the plaintiff to be prosecuted. The denial of the plaintiff did not suffice to destroy the case of probable cause which was before him. Francis v. Tilyou, 26 App. Div. 340, 49 N. Y. Supp. 799; Rawson v. Leggett, 184 N. Y. 504, 77 N. E. 662.

As to the cause for false imprisonment, his companion watchman had the right to arrest the plaintiff without a warrant, if he caught him in the act, as he says he did, and therefore had the right to call on the police or any one else to aid him; and if that was really what happened, and the plaintiff was guilty, there was not even a technical false arrest and imprisonment. As the goods in question were worth less than $25, the right to arrest without a warrant depended on whether the offense was committed in the presence of the principal in the making of the arrest (Code Cr. Proc. § 177), and if the plaintiff's companion watchman was such principal, the arrest was lawful if the offense was committed in his presence. On the new trial this phase can receive due attention.

The judgment should be reversed and a new trial ordered. ·

Judgment and order reversed, and new trial granted; costs to abide the event. HIRSCHBERG, P. J., and JENKS and RICH, JJ., concur. BURR, J., concurs in result.