was passed by which the city evidenced its acceptance of this street as a public street it became such, and all the land therein was subject to the easement thereof.

The motion to confirm the report of the commissioners is therefore denied as to all parcels, except those where a nominal award has been made and as to those where an award has been made for damages to buildings by the proposed regulation of the street. Those nominal awards and those awards for damages to buildings are confirmed.

Let the order referring the matter back to the commissioners be settled upon notice.

(156 App. Div. 443.)

### GALLEY v. BRENNEN.

(Supreme Court, Appellate Division, Fourth Department. April 30, 1913.)

1. MALICIOUS PROSECUTION (§ 56*)—BURDEN OF PROOF—MALICE.

In an action for malicious prosecution, the plaintiff has the burden of showing malice.

[Ed. Note.—For other cases, see Malicious Prosecution, Cent. Dig. §§ 112–116; Dec. Dig. § 56.*]

2. MALICIOUS PROSECUTION (§ 32*)—MALICE—INFERENCE FROM WANT OF PROBABLE CAUSE.

In an action for malicious prosecution, malice may be inferred from lack of probable cause for causing plaintiff's arrest.

[Ed. Note.—For other cases, see Malicious Prosecution, Cent. Dig. §§ 67, 68; Dec. Dig. § 32.*]

3. MALICIOUS PROSECUTION (§ 71*)—QUESTION OF JURY—PROBABLE CAUSE.

In an action for malicious prosecution, the question as to whether an inference of want of probable cause is justified is for the court in the first instance, as a question of fact.

[Ed. Note.—For other cases, see Malicious Prosecution, Cent. Dig. §§ 160–167; Dec. Dig. § 71.*]

4. MALICIOUS PROSECUTION (§ 20*)—SUFFICIENCY OF EVIDENCE—PROBABLE CAUSE.

Where manure was stolen from defendant's land, and inquiry of his employés and neighbors resulted in an identification by name and in a description of residence and occupation tallying with that of defendant, there was justification for honest belief that plaintiff was the thief, and for the institution of a prosecution against him.

[Ed. Note.—For other cases, see Malicious Prosecution, Cent. Dig. §§ 26–28; Dec. Dig. § 20.*]

5. MALICIOUS PROSECUTION (§ 18*)—PROBABLE CAUSE—STATEMENTS OF THIRD PERSONS.

Secondhanded information may afford sufficient ground for the institution of a criminal prosecution.

[Ed. Note.—For other cases, see Malicious Prosecution, Cent. Dig. §§ 23, 24, 29–38; Dec. Dig. § 18.*]

Kruse, J., dissenting.

Appeal from Erie County Court.

Action by John Galley against William Brennen. From a judgment of the County Court in favor of the plaintiff, defendant appeals. Reversed, and complaint dismissed.

Argued before McLENNAN, P. J., and KRUSE, ROBSON, FOOTE, and LAMBERT, JJ.

William Brennan, Jr., of Buffalo, for appellant.
H. B. Butterfield, of Buffalo, for respondent.

LAMBERT, J.  The action is for malicious prosecution, and grows out of the following facts: The defendant is the owner of a tract of land at Cheektowaga, Erie county.  Adjoining this land certain of his neighbors had barns, from which they were accustomed to throw out manure, upon defendant's land, with the understanding that same should belong to defendant.  At the time of the occurrences complained of, there had accumulated some little quantity of such manure. Some person, without the consent or knowledge of the defendant, removed this manure.  Upon discovering that same had been stolen, the defendant instituted inquiry as to the identity of the thief.  He was informed by one Heisenbuttle that a man who lived at Gardenville had tried to purchase the manure.  One Keefer told him that a tall man with sandy mustache and sandy hair and driving a bay team had taken the manure away.  One Anthony Carroll, an employé of the defendant, informed defendant that one Henry Tresselt had told him that the plaintiff, a florist at Gardenville, took the manure.  Paul Gluin also told defendant of a talk he had had with Tresselt, and that there was no question about it being the plaintiff, from the description that Tresselt had given him.

· Upon such information, defendant laid a complaint before a magistrate, and a warrant was issued for the arrest of the plaintiff.  He was never formally arrested, but was notified to appear upon two or three occasions, when finally the matter was dropped without trial. Plaintiff and defendant were total strangers, residing some seven miles apart.  Plaintiff is engaged as a florist at Gardenville, and customarily kept a man and team engaged in driving about the country picking up manure for use in his business.  Upon the trial of this action, a verdict was rendered for the plaintiff in the sum of $150.

[1-4]  The action being for malicious prosecution, the burden was upon the plaintiff to show malice.  There is no claim that there is direct proof of malice.  It is to be inferred, if at all, from lack of probable cause for causing the arrest of the plaintiff.  In my judgment, the proof falls far short of showing lack of probable cause.  That question, in this class of cases, is for the court in the first instance, as a question of fact, to determine whether an inference of lack of probable cause is justified.  The trial court recognized that rule, and determined such question adversely to the defendant, and therein lies the error.

Defendant's manure had been stolen by some one.  As was the natural course, defendant inquired of his employés and neighbors as to the identity of the person taking it.  The description, residence, and occupation of the person described to him tallied with those of the plaintiff.  There was then added the positive identification by name, from Tresselt to two of the persons interviewed by the defendant. This afforded ample justification for the honest belief that plaintiff was the thief, and justified the institution of the proceeding, in the interest of society.

[5] About the only criticism possible of the defendant's investigation is that it stopped short of direct inquiry of Tresselt.   But it has been frequently held that secondhanded information may afford sufficient ground for the institution of criminal proceedings.   McCarthy v. Barrett, 144 App. Div. 727, 129 N. Y. Supp. 705; Francis v. Tilyou, 26 App. Div. 340, 49 N. Y. Supp. 799; Davenport v. N. Y. C. & H. R. R. Co., 149 App. Div. 432, 134 N. Y. Supp. 458.

Upon those and kindred decisions, I can see no room for a recovery in this action, and I therefore recommend the reversal of the judgment and order appealed from, with costs, and, further, the dismissal of the complaint, upon the merits.   All concur, except KRUSE, J., who dissents and votes for affirmance.