SAMUEL BRODZINSKY, Respondent, v. DAVID BRUMBERG, Appellant.

Fourth Department, November 15, 1916.

Malicious prosecution — arrest of plaintiff on charge of theft — probable cause defined — probable cause may exist, although plaintiff proved innocent — erroneous charge.

Action for malicious prosecution. Evidence examined, and *held*, that the questions of malice and lack of probable cause were properly left to the jury.

Probable cause for an arrest may exist, although the arrested person may afterward be shown to be innocent, as where the defendant in good faith caused the prosecution believing the plaintiff guilty of the offense and having reasonable grounds for such belief.

Hence, where there is evidence that the plaintiff confessed to the defendant and others that he stole certain articles, for which act the defendant caused his arrest, and the plaintiff having been adjudged innocent denied the confession, it was error for the court to charge that the defendant did not have probable cause, if the plaintiff never admitted the theft, for even if the defendant were misinformed as to the alleged confession of the plaintiff, he may have had probable cause for the arrest.

APPEAL by the defendant, David Brumberg, from a judgment of the County Court of Erie county in favor of the plaintiff, entered in the office of the clerk of said county on the 10th day of June, 1916, upon the verdict of a jury for eighty-seven dollars and fifty cents, and also from an order entered in said clerk's office on the same day denying defendant's motion for a new trial made upon the minutes.

*Israel G. Holender,* for the appellant.

*Samuel J. Harris,* for the respondent.

KRUSE, P. J.:

The action is for malicious prosecution. The defendant had the plaintiff arrested upon a charge of petit larceny. Upon the trial the plaintiff here was found not guilty and was discharged. He contends that the prosecution was malicious and without probable cause. The trial court submitted both questions to the jury and the plaintiff had a verdict. The defendant appeals.

I think both questions were for the jury upon the evidence, but the trouble arises over the charge to the jury.

The defendant is a physician in the city of Buffalo. His family own a house located across the street from his office. He let the job of doing the inside painting to a contractor named Perlstein. Perlstein employed the plaintiff and another workman to do the work. Just before the painting job was commenced the family vacated the house, leaving only the gas fixtures and some wearing apparel and furniture stored in the attic. Plaintiff had a key to the house, and while the work was being done certain wearing apparel, bric-a-brac and gas burners were taken.

The defendant communicated the facts to Perlstein and asked him to investigate and report. Perlstein testified that when he went for the workmen to take them to the doctor's office they did not want to go, but he brought both men with him to the office. It is unnecessary to go into the details of that interview. It is sufficient to say that while the testimony of the defendant and Perlstein tends to show that plaintiff admitted taking some of the goods, plaintiff testified that he

denied the charge, although some of the circumstances admitted by him tend to corroborate the defendant and Perlstein.

Mrs. Perlstein (who also seems to have been interested in the business with her husband) testified to a conversation which she had with the plaintiff and communicated to the defendant after the interview at his office and before the warrant was sworn out, in which the plaintiff admitted the taking of some of the things and from which the inference is permissible that he was connected with the taking of other things by his associate workman.

The judge charged the jury that if the plaintiff never admitted that he stole these things, then the defendant did not have probable cause for his arrest; that he was not in possession of facts enough to warrant the arrest without such admission; but that if the plaintiff did admit to the doctor and to Perlstein and his wife that he stole these things, then there was probable cause for his arrest.

The defendant contends that prejudicial error was committed in charging the jury that the defendant did not have probable cause unless the plaintiff made the admission, and excepted to that part of the charge. While it is not very clear that the defendant finally stood upon his exception, I think there can be no doubt that such was the charge and that the judge understood that an exception had been taken, as appears by his opinion denying the motion for a new trial.

Of course, the guilt or innocence of the prosecuted person is not the controlling question. A person may be prosecuted and the proceeding end favorably to him, and yet, if one in good faith caused the prosecution, believing the person guilty of the offense and having reasonable grounds for such belief, he may still be free from incurring any liability. The rule is very clearly, fully and carefully formulated by the Court of Appeals in *Heyne* v. *Blair* (62 N. Y. 19) and quoted and restated in the recent case of *Galley* v. *Brennan* (216 N. Y. 118). We need not restate it here. The question is also very fully discussed in *McCarthy* v. *Barrett* (144 App. Div. 727).

I am of the opinion that under the rule formulated by the Court of Appeals, and particularly as applied to the facts in *McCarthy* v. *Barrett* (*supra*), the exception was well taken.

**800** CENTRAL TRUST CO. *v.* PITTSBURGH, S. & N. R. R. CO.

Fourth Department, October, 1916. [Vol. 174.

Even if the plaintiff did not admit his guilt at the interview in the defendant's office, and Mrs. Perlstein was untruthful in reporting her conversation with plaintiff to the defendant, I think if she did so report it, in connection with the other information defendant had, particularly what plaintiff admittedly had volunteered to defendant, and what Perlstein stated to defendant the plaintiff had told him (Perlstein), and the fact that Perlstein claimed to have found some of the missing things in the possession of the two workmen, the jury could well find that the defendant had reasonable grounds for believing the plaintiff to be guilty of the offense.

If I am right in this conclusion, it follows that the judgment and order should be reversed and a new trial ordered, with costs to the appellant to abide the event.

All concurred.

Judgment and order reversed and new trial granted, with costs to appellant to abide event.