LEE E. DAY, Respondent, *v.* DAVID LEVINE and PHILIP CEDAR, Conducting Business under the Name and Style of the " PRACTICAL CLOTHING SPECIALTY COMPANY " and the "PRACTICAL CLOTHING COMPANY," and LOUIS GOLDBERG, Defendants.

PHILIP CEDAR, Appellant.

First Department, December 31, 1917.

Malicious prosecution — arrest and prosecution based upon information received from others — failure to show want of probable cause — when issue as to probable cause for court, not for jury.

Where in an action for malicious prosecution it appears that the defendant caused the plaintiff's arrest on being informed by a trustworthy employee that the latter had actually seen the plaintiff take stolen goods from the defendant's premises and it is uncontradicted that the defendant entertained no malice toward the plaintiff, the complaint should be dismissed, for the defendant, as a matter of law, had probable cause for the prosecution.

Where there is no dispute as to the facts the existence or non-existence of probable cause is for the court, not for the jury.

First Department, December, 1917.          [Vol. 181.

In the absence of some improper motive or malicious intent a person may secure the arrest and prosecution of another upon the statement of a trustworthy informant that he has knowledge of the guilt of the accused based upon personal knowledge strongly tending to establish guilt, which facts were communicated to the person causing the arrest by the one having personal knowledge thereof.

APPEAL by the defendant, Philip Cedar, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 28th day of February, 1917, upon the verdict of a jury for $600, and also from an order entered in said clerk's office on the same day denying appellant's motion for a new trial made upon the minutes.

*Daniel P. Hays* of counsel [*Hays, Hershfield & Wolf,* attorneys], for the appellant.

*Wilford H. Smith,* for the respondent.

SHEARN, J.:

The defendant Cedar appeals from a judgment entered upon a verdict for plaintiff in an action for malicious prosecution.

There is no contradiction whatever with respect to the fact that defendant Cedar was informed by his head shipping clerk, Goldberg, a man who had been in Cedar's employment for many years and who had proved to be an honest and faithful employee and in whose reliability the defendant Cedar had reason to have and did have confidence, that Goldberg had actually seen the plaintiff take the stolen bundle of clothes from the building in which Cedar's business was conducted, and under circumstances that pointed only to guilt. It is also uncontradicted that the defendant Cedar entertained no malice toward the plaintiff and that whatever connection he had with the prosecution was not prompted by any malice toward the plaintiff.

It is the settled law applicable to this class of cases " that where there is no dispute about the facts, the question of the existence of probable cause, or, as generally stated, the absence or want of probable cause, is a question for the court and not or the jury." (*Anderson* v. *How,* 116 N. Y. 336, 338; *Francis* v. *Tilyou,* 26 App. Div. 340, 342.)

In determining whether there was probable cause, the

rule to be applied is the well-settled one that, in the absence of some improper motive or malicious intent, it is entirely safe for one to procure the arrest and prosecution of another upon the statement of a trustworthy informant that he has knowledge of the guilt of the accused, based upon personal knowledge of facts strongly tending to establish guilt, which facts are communicated to the person causing the arrest by the one having personal knowledge thereof. (*Francis* v. *Tilyou, supra; Davenport* v. *N. Y. C. & H. R. R. R. Co.,* 149 App. Div. 432, 435.) The application of this rule leads to the conclusion that the plaintiff failed to show want of probable cause.

" Probable cause, which will justify a dismissal of the accusation is defined to be a reasonable ground of suspicion supported by circumstances sufficiently strong in themselves to warrant a cautious man in his belief that the person accused is guilty of the offense with which he is charged." (*Anderson* v. *How, supra,* 343.) Within this definition the proof affirmatively shows the existence of probable cause.

The judgment and order should be reversed, with costs, and the complaint dismissed, with costs.

CLARKE, P. J., SCOTT, SMITH and PAGE, JJ., concurred.

Judgment and order reversed, with costs, and complaint dismissed, with costs.