JOSEPH HYMAN, Respondent, *v.* THE NEW YORK CENTRAL RAILROAD COMPANY, Appellant.

First Department, November 28, 1924.

**Malicious prosecution — action to recover for arrest of plaintiff in Ohio on charge that he was riding on railroad train without paying — probable cause — plaintiff, riding from Buffalo to Toledo was unable to produce ticket after conductors changed at Cleveland — plaintiff claimed that first conductor kept ticket — second conductor, after receiving telegram from first conductor that he had not kept ticket, had plaintiff arrested — malice and want of probable cause not shown.**

The plaintiff, in an action for malicious prosecution, failed as a matter of law to establish malice or want of probable cause, and the trial court should have so held, since it appears that the plaintiff was a passenger on one of defendant's trains going from Buffalo, N. Y., to Toledo, Ohio; that he claimed that he had a ticket from Buffalo to Toledo; that after the conductors were changed at Cleveland, the plaintiff was unable to produce his ticket for the new conductor and contended that the first conductor had taken up the ticket, and, to prove his contention, produced baggage checks to Toledo and a Pullman ticket for the same point; that the second conductor offered, if the plaintiff would pay for his ride, to give him a receipt for the money paid in order that he might recover back the amount in case the first conductor had improperly lifted his ticket; that the plaintiff refused to pay his fare; that the second conductor, then after showing the plaintiff a telegram from the first conductor stating that he had not lifted a ticket for Toledo, again offered to carry the plaintiff if

he would pay his fare, which offer was refused; and that then the second conductor had the plaintiff arrested on a charge of riding upon a train without the payment of a fare, a misdemeanor under the statutes of Ohio.

APPEAL by the defendant, The New York Central Railroad Company, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 31st day of January, 1924, upon the verdict of a jury for $2,000, and also from an order entered in said clerk's office on the 1st day of February, 1924, denying the defendant's motion for a new trial made upon the minutes.

*Alex S. Lyman* [*Jacob Aronson* of counsel], for the appellant.

*Benjamin Davidson,* for the respondent.

SMITH, J.:

The action is one for malicious prosecution. This was so held by the trial court without exception. The plaintiff was a passenger on one of the defendant's trains. At Buffalo he bought a ticket, claimed to have been for Toledo. He had his baggage checked to Toledo. At Cleveland the train crews changed and a different conductor came upon the train. It was the custom in such cases for the first conductor not to take up, or lift, as the witnesses say, a ticket for a station beyond his run, but simply to punch the same as far as his run extended, giving back the ticket to the passenger that he might present it to the new conductor when he should take charge of the train, as in this case, at Cleveland. The plaintiff first got a Pullman seat to Cleveland. Thereafter upon the train he got a Pullman seat from Cleveland to Toledo. After he left Cleveland the conductor asked for his ticket. He first searched his pockets for the ticket and, failing to find the same, told the conductor that the prior conductor had taken up the ticket and had not returned it to him; and he sought to support this claim by showing his baggage checks to Toledo and his Pullman ticket. The conductor at once wired back to Cleveland, where the first conductor was making up his report of the trip, and asked the first conductor if he had lifted a ticket beyond Cleveland upon that train. The first conductor thereupon went over all his tickets and found no ticket for Toledo among them, and wired back that he had not. The second conductor caused the arrest of the plaintiff, who was taken to the Magistrate's Court and gave bail, and for some reason not disclosed the prosecution was abandoned. Thereupon the plaintiff brought this action against the railroad company for malicious prosecution in causing his arrest and recovered a verdict, as above stated, of $2,000.

The defendant claims, as matter of law, there was neither malice

nor want of probable cause shown to justify the verdict. The trial court submitted to the jury the question of malice and probable cause and the question of damages.

I am unable to agree with the learned trial justice in his conclusion that there was a question for the jury as to the want of probable cause. I will assume, for the argument, that this ticket was a ticket for Toledo. If so, the first conductor should have punched it and returned the ticket to the plaintiff. But the second conductor had only the word of the plaintiff that the first conductor had lifted his ticket. He offered the passenger, if he would pay for his ride, to give him a receipt for the money paid, in order that the passenger might recover back the money in case it could be proved that the first conductor had improperly lifted his ticket. This was refused by the plaintiff, who said he would pay nothing further and the conductor could do what he liked. After the second conductor had received this wire from the first conductor, he showed it to the passenger, and the passenger still refused to pay any money, even if a receipt should be given therefor.

In my judgment the second conductor in the line of his duty could do nothing else than to have the plaintiff arrested. The laws of the State of Ohio where the arrest was made make the riding upon a train without payment of a fare a misdemeanor. The second conductor used all reasonable precaution to ascertain the truth of the plaintiff's statement that the first conductor had lifted the ticket. He telegraphed back to Cleveland and received a reply to the effect that he had not. There is no question of different inferences to be drawn from this evidence. The facts were explicit and admit only of one inference, and that was that, with this reply of the first conductor that he had not lifted the ticket, the plaintiff was attempting to ride without paying for his transportation. The fact that his baggage had been checked through to Toledo was some corroboration of his claim that he had bought a ticket for Toledo. But it was no corroboration of his claim that the first conductor had lifted the ticket and neglected to return the same to him. The plaintiff might have had the ticket in his pocket at the time, or he might have sold it at Cleveland. The principal is liable for the wrongful act of its servant. But, with this reply of the first conductor that he had not lifted a ticket beyond Cleveland, the second conductor was fully justified in believing that the plaintiff was attempting to ride without paying therefor; and the facts of the case clearly negative any want of probable cause or malice on the part of the second conductor, which is necessary to be shown in order to sustain a verdict for malicious prosecution.

First Department, November, 1924.                    [Vol. 211

The court should have ruled, as matter of law, that want of probable cause was not proven and the judgment should be reversed and the complaint dismissed.

In *Day* v. *Levine* (181 App. Div. 261) it is held: " Where in an action for malicious prosecution it appears that the defendant caused the plaintiff's arrest on being informed by a trustworthy employee that the latter had actually seen the plaintiff take stolen goods from the defendant's premises and it is uncontradicted that the defendant entertained no malice toward the plaintiff, the complaint should be dismissed, for the defendant, as a matter of law, had probable cause for the prosecution. Where there is no dispute as to the facts the existence or non-existence of probable cause is for the court, not for the jury. In the absence of some improper motive or malicious intent a person may secure the arrest and prosecution of another upon the statement of a trustworthy informant that he has knowledge of the guilt of the accused based upon personal knowledge strongly tending to establish guilt, which facts were communicated to the person causing the arrest by the one having personal knowledge thereof." (See, also, *Davenport* v. *New York Central & H. R. R. Co.*, 149 App. Div. 432.) The case of *Day* v. *Levine* was affirmed by the Court of Appeals in 228 New York, 588.

The judgment and order should be reversed, with costs, and complaint dismissed, with costs.

Clarke, P. J., Merrell, Finch and Martin, JJ., concur.

Judgment and order reversed, with costs, and complaint dismissed, with costs.