BYRON RAWSON, Respondent, *v.* FRANCIS H. LEGGETT et al., Appellants.

1. MALICIOUS PROSECUTION — WHEN PROBABLE CAUSE A QUESTION OF LAW. Where in an action to recover damages for malicious prosecution, the undisputed facts establish that the defendants were without malice and that after an investigation, which was cautious and painstaking in the extreme, they possessed knowledge of actual facts and acquired reliable information of apparent facts which fully justified them in instituting criminal proceedings, and in addition they received and must be assumed to have relied upon the advice of learned counsel including the district attorney, it must be held as a matter of law that the defendants were not guilty of malicious prosecution; and a judgment affirming a judgment in favor of plaintiff, entered upon a verdict, must be reversed.

*Rawson* v. *Leggett,* 97 App. Div. 416, reversed.

(Argued January 30, 1906; decided April 17, 1906.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the second judicial department, entered October 20, 1904, affirming a judgment in favor of plaintiff entered upon a verdict and an order denying a motion for a new trial.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Alton B. Parker* and *Edward S. Hosmer* for appellants. The complaint should have been dismissed. (*Thaule* v. *Krekeler,* 81 N. Y. 428; *Besson* v. *Southard,* 10 N. Y. 236; *Burns* v. *Erben,* 40 N. Y. 463; *Heyne* v. *Blair,* 62 N. Y. 19; *Bankell* v. *Weinacht,* 99 App. Div. 316; *Burt* v. *Smith,* 181 N. Y. 1; *Beacon* v. *Town,* 4 Cush. 328; *Carle* v. *Ayers,* 53 N. Y. 17.) There was no proof of malice. (*Heyne* v. *Blair,* 62 N. Y. 19; *Steward* v. *Sonneborn,* 98 U. S. 187; *McKown* v. *Hunter,* 30 N. Y. 625; *Bulkeley* v. *Smith,* 2 Duer, 261; *Vanderbilt* v. *Mathis,* 5 Duer, 304; *McCormack* v. *Perry,* 47 Hun, 71; *Thompson* v. *Lumley,* 50 How. Pr. 105.) Where a party communicates to the prosecuting officer of a state or county all the facts bearing on the case of which

he has knowledge, or could have ascertained with reasonable diligence and inquiry, and has acted on the advice received honestly and in good faith, the absence of malice is established, the want of probable cause negatived, and the action of malicious prosecution will not lie. (*Ravenga* v. *Mackintosh*, 2 B. & C. 693; Stephens on Mal. Pros. 43; *Hall* v. *Suydam*, 6 Barb. 88; *Thompson* v. *Lumley*, 1 Abb. [N. C.] 254; 64 N. Y. 631; *Stewart* v. *Sonneborn*, 98 U. S. 196; *Schipper* v. *Norton*, 38 Kan. 567; *Calef* v. *Thomas*, 81 Ill. 478; *Laughlin* v. *Clawson*, 27 Penn. St. 330; *Hess* v. *O. Co.*, 31 Oreg. 503; *Gilbertson* v. *Fuller*, 40 Minn. 413; *Genevy* v. *Edwards*, 55 Minn. 88; *Sebastian* v. *Cheney*, 86 Tex. 497; *Magowan* v. *Rickey*, 64 N. J. L. 402.)

*Benjamin N. Cardozo, Isaac N. Mills* and *Morris J. Hirsch* for respondent. The court did not err in holding that it was a question for the jury whether the defendants had instigated the prosecution without probable cause. (*Bopp* v. *E. V. Co.*, 177 N. Y. 33; *Hopkins* v. *Clark*, 158 N. Y. 299; *Wass* v. *Stephens*, 128 N. Y. 123; *Heyne* v. *Blair*, 62 N. Y. 19; *Fagnan* v. *Knox*, 66 N. Y. 525; *Owens* v. *N. R. C., etc., Co.*, 38 App. Div. 53; *Scott* v. *D. S. C. Co.*, 51 App. Div. 321; *Higgins* v. *Eagleton*, 155 N. Y. 466; *Place* v. *N. Y. C. & H. R. R. R. Co.*, 167 N. Y. 347; *Sundheimer* v. *Mayor*, 176 N. Y. 495.) The defendants cannot shield themselves by the plea that the indictment was found by the grand jury on the advice of the public prosecutor. (*Thompson* v. *Lumley*, 1 Abb. [N. C.] 254; *Ambs* v. *A., T. & S. F. Ry. Co.*, 114 Fed. Rep. 317; *Maynard* v. *Sigman*, 91 N. W. Rep. 576; *Truax* v. *Penn. Ry. Co.*, 58 N. J. L. 218; *Thurston* v. *Wright*, 77 Mich. 96; *Holden* v. *Merritt*, 92 Iowa, 707; *Tangrey* v. *Sullivan*, 163 Mass. 166; *Navarino* v. *Dudrap*, 50 Atl. Rep. 353; *Stewart* v. *Sonneborn*, 98 U. S. 187; *Hazzard* v. *Flury*, 120 N. Y. 223.) The contention that there was no evidence of malice is untenable. (*Heyne* v. *Blair*, 62 N. Y. 19; *Stewart* v. *Sonneborn*, 98 U. S. 187.)

*Per Curiam.* This action was brought for malicious prosecution. At the instigation of the defendants, as we shall assume upon this appeal, several indictments for grand larceny were found against the plaintiff in the county of New York, which were thereafter dismissed. Thereupon he brought this action and obtained a verdict for $25,000. It is insisted by the appellants that this result was erroneous and that plaintiff as matter of law failed to establish want of probable cause. A majority of the court concur in this view and think that the judgment should be reversed.

Appellants are and were wholesale grocers in the city of New York, having and carrying upon their books the accounts of many thousand customers. In 1901 and for some time prior thereto they had in their employ a salesman named Borchardt who made sales to and collections from a large number of customers. In November of said year it was discovered that during a period of about three years by manipulation of his customers' accounts and misappropriation of moneys collected from them he had stolen from his employers about $24,000, and criminal proceedings were instituted against him. It was the intention and custom of defendants to guard against such peculations as this upon the part of salesmen by sending every month to each of their customers a statement of account for comparison and verification, with the request to report any irregularities or discrepancies at the office, and not to the salesmen. In some manner these statements in the case of Borchardt's customers were wholly or largely suppressed and not sent, and thus the prompt discovery of his crime prevented.

During the period above mentioned and for a long time prior thereto plaintiff was in the employ of defendants as their head credit man, receiving a salary of $4,500 a year, and amongst other duties charged with those of looking after the accounts with customers and salesmen dealing with the latter. He assumed supervision over Borchardt's accounts and customers to the express exclusion of everybody except a member of the firm.

There has been no dispute in this litigation about the foregoing facts which, of course, were known to the defendants at the time they instituted the prosecution against plaintiff.

In addition, before instituting criminal proceedings, defendants knew, or personally or through their representatives were informed, of other real or alleged facts which, in connection with those already cited, are now claimed to have constituted a reliable and sufficient foundation for the assumption that plaintiff was guilty of the charges pressed against him. The existence of many of those facts and the correctness of the information relating thereto is not now challenged.

After his discovery and arrest, Borchardt made a confession both to Mr. Leggett and to others engaged in the investigation implicating plaintiff as a confederate in his crimes and as a partner to the extent of six or eight thousand dollars in the guilty proceeds thereof.

The monthly statements which should have been sent to Borchardt's customers were delivered by the bookkeeper to plaintiff, by whom, after being checked, they should have been delivered to addressing and mailing clerks.

Plaintiff and Borchardt were upon terms of great intimacy, which appeared to increase rather than decrease after the former concededly knew of the latter's crimes, and while plaintiff was still in the employ of the defendants. During the few months before Borchardt's apprehension, in the neighborhood of $1,600 were by him paid or passed to the credit of plaintiff.

In 1900 plaintiff consented that Borchardt should assume control of a certain account held by the defendants against one Yaeger, and although the moneys upon said account were collected by Borchardt in said year, no report or entry upon defendants' books was made to disclose these facts, and this account, amounting to several hundred dollars, made up part of the embezzlement. Subsequently, in proceedings threatened against Borchardt for perjury in claiming that he was the owner of defendants' account, plaintiff, when making an affidavit for his assistance, secured back from him or his attor-

ney a slip of paper which he had written, indicating his willingness to hold back Borchardt's slips (made in the discharge of his duty as salesman relating to his accounts) for a short period, because of his lack of funds.

In the midst of the investigation of Borchardt's crimes, plaintiff, without having, so far as appears, any other lucrative engagement, resigned his position and salary of $4,500 with defendants, and shortly thereafter left their employ.

The district attorney was made acquainted with the foregoing facts and information. Defendants occupied a considerable length of time in investigating the subject, and with the exception of one set of facts hereafter specially to be referred to, as to which the parties are in conflict, we think fairly and fully placed before the district attorney the knowledge and information possessed or acquired by them. In addition, the latter official, through one of his assistants, caused an extended examination to be made of many of the people who had knowledge of the facts or had supplied the information, and after this had been done he advised the submission of charges against Rawson to the grand jury with the resulting indictments heretofore mentioned.

Defendants expressly deny any malice towards plaintiff and assert their reliance upon the advice of counsel and especially of the district attorney in instituting the criminal prosecution which they undertook.

We think that upon all of the foregoing facts and others appearing in the record, to which we have not made specific reference, it must be held as a matter of law that defendants had probable cause to believe that Rawson was guilty of aiding Borchardt in the larcenies which were concededly committed, and were not guilty of any malicious prosecution.

Plaintiff especially challenges such conclusion and the propriety and legality of defendants' conduct in three respects, and insists that such case was made out for the consideration of the jury that the judgment should stand.

In the first place he urges that it was a question of fact whether Borchardt ever made any confession implicating

him and that even if he did it was still for the jury to say
whether such confession was entitled to any credence as a
basis for what was subsequently done.   We cannot agree with
this contention in either of its branches.   The proof that the
confession was made does not rest upon the evidence alone of
Mr. Leggett, but is sustained by other evidence so ample and
trustworthy that the jury would have had no right to disre-
gard it.   So, too, while this confession might be the subject
of suspicion as dictated by Borchardt's personal interests, and
would be insufficient of itself to furnish a basis for the prose-
cution of plaintiff, we think that it was so supported and cor-
roborated by other facts appearing to exist at the time the
indictments were found that defendants were entitled to rely
upon it as furnishing in part a probable cause for complaint.
(*Molloy* v. *L. I. R. R. Co.*, 59 Hun, 424; *Blunk* v. *A., T. &
S. F. Ry. Co.*, 38 Fed. Rep. 311.)

In the second place, it is urged that taking into account
plaintiff's long service with them and prior good character,
defendants should have communicated with him before mak-
ing any complaint and that if they had done so they would
have learned that various transactions, upon the appearance
of which they acted, were innocent as now claimed by plain-
tiff.   For instance, he not only denies his guilt generally but
he testifies that the moneys paid to him by Borchardt during
the few months preceding the former's apprehension were
loans and not proceeds of larceny; that the transaction of the
Yaeger account was an innocent one undertaken for the pur-
pose of collecting a debt due to the defendants; that his inti-
macy with Borchardt and his frequent visits to him after the
discovery of his wrongdoing were in connection with the
moneys loaned as above stated.

We are not prepared to assent to the proposition that a per-
son having cause to believe that another has committed a
crime must under all circumstances go to the latter, acquaint
him with his suspicion and ask for his explanation of apparently
unfavorable circumstances, or accept the risk of being found
guilty of malicious prosecution if he does not do so.   There

undoubtedly may be many cases where reasonable prudence would suggest such a course, and where the failure so to do might furnish, in part at least, the basis for holding the prosecutor guilty of unreasonable conduct. We do not think, however, that this is one of those cases. The defendants made their investigation with much patience and care, and it was not incumbent upon them under all of the circumstances to warn plaintiff of their suspicions and afford him the opportunity, if he so desired, to escape from the reach of any just prosecution. (*Kutner* v. *Fargo*, 34 App. Div. 317, 322.)

Lastly, the plaintiff urges certain facts, reference to which has been purposely reserved until this point, which must be assumed to have been within defendants' knowledge at the time plaintiff was indicted, and which it is claimed so strongly tended to establish the latter's innocence of the charges preferred against him as to raise an issue of lack of probable cause for the consideration of the jury.

Plaintiff testified that during the same period when Borchardt was making his conceded embezzlements from defendants, upon about ten occasions customers of Borchardt's who had received statements for verification and correction came to defendants' office and reported that the statements were not correct and their accounts not as carried upon defendants' books under Borchardt's directions, and that all of those facts were reported by plaintiff to defendants, who took up the investigation of said matters. And it is urged that it was so highly improbable that Rawson, if engaged in suppressing statements to some customers and helping Borchardt to embezzle from their accounts, would have reported occurrences of a precisely similar nature, that it was unreasonable to believe him guilty of the crimes with which he was charged; at least, that it was for the jury to say whether a person acting with reasonable care and prudence would have so suspected and charged him in the light of the facts mentioned.

We do not think, however, that such facts should be allowed to so far outweigh the other evidence in this case in favor of

the propriety of defendants' conduct as to create an issue for the jury. This evidence of Rawson's is emphatically denied by Mr. Leggett, and seems improbable. But, assuming its truth, it constitutes but a single feature of the case as presented, and is to be considered in the light of and in connection with all of the other testimony presented to us. The dominant features of the case remain undisputed, the embezzlement of Borchardt; that in the proceeds of that embezzlement the plaintiff shared, though he asserts innocently and ignorantly merely by loans from Borchardt, the intimacy between Borchardt and the plaintiff, the transaction in relation to the Yaeger account and the minor facts already recited.

When we take this survey of the complete record we are impressed, as stated at the beginning, that plaintiff has failed to meet the burden which rested upon him of establishing any malice upon the part of defendants or want of probable cause for the prosecution which was instituted against him.

The general principles which govern us and lead us to this conclusion are familiar and well settled.

The question is not whether plaintiff's evidence now given that he did not commit the crimes charged to him is true. The propriety of defendants' conduct in causing him to be indicted is to be decided by the facts as they appeared to be at the time the prosecution was instituted, and the question is whether these facts as they then appeared were such that a discreet and prudent person would have been led to the belief that the accused had committed the crime with which he was charged. If defendants had knowledge of facts actual or apparent strong enough to justify a reasonable man in the belief that they had lawful grounds for prosecuting the plaintiff in the manner complained of, then probable cause was present and this action will not lie. As was stated by Judge VANN in *Burt* v. *Smith* (181 N. Y. 1, 5): "The want of probable cause does not mean the want of any cause, but the want of any reasonable cause, such as would persuade a man of ordinary care and prudence to believe in the truth of the

charge. Probable cause does not necessarily depend upon the actual guilt of the person prosecuted, but may rest upon the prosecutor's belief in his guilt when based on reasonable grounds. One may act upon what appears to be true, even if it turns out to be false, provided he believes it to be true and the appearances are sufficient to justify the belief as reasonable. * * * If probable cause exists, it is an absolute protection against an action for malicious prosecution, even when express malice is proved."

Public policy requires that all persons should feel secure in the right to resort to courts for the apprehension and punishment of crimes, and this policy must be preserved and encouraged even though it result in occasional hardship to the individual, provided only that the prosecution has been free from malice and has been warranted by such facts, actual and apparent, as would lead a person of reasonable care and prudence to undertake it.

It is also well settled that where the facts are undisputed, the question of the existence of probable cause is one of law for the court rather than of fact for the jury. (*Thaule* v. *Krekeler*, 81 N. Y. 428; *Burt* v. *Smith, supra.*)

The undisputed facts in this case clearly establish to our mind that the defendants were without malice, and that after an investigation which was cautious and painstaking in the extreme, they possessed knowledge of actual facts and acquired reliable information of apparent facts which fully justified them in proceeding as they did. In addition, they received and must be assumed to have relied upon the advice of learned counsel, including the district-attorney.

The judgment below should be reversed and a new trial granted, costs to abide event.

Hiscock, J. (dissenting). I am unable to concur in the conclusion adopted by a majority of the court. If it were within our province to consider the weight of evidence or the measure of damages I very probably might reach the result attained by them even if by a different route. But, excluded

as we are from the consideration of those subjects, I think that it cannot be said as matter of law that plaintiff failed to establish lack of probable cause for his prosecution, and that, therefore, the judgment appealed from is erroneous.

I agree with the prevailing opinion that the evidence established beyond any question of fact the confession by Borchardt implicating plaintiff and that it was reasonable for defendants to take the same into account in connection with the other facts existing or appearing to exist. I also shall assume, without conceding it, that it was not incumbent upon defendants to make any inquiries of plaintiff which might have led to the explanation of the sums of money advanced to him by Borchardt and of the apparent intimacy between the two. I do not believe, however, that we can deprive plaintiff of the right to have a jury say whether the defendants had reasonable and probable cause to believe that he was helping Borchardt to embezzle from them in the light of the evidence that during this very period he was reporting to them irregularities in Borchardt's accounts with various customers.

Let me amplify somewhat the facts upon this point. Borchardt's embezzlements extended over a period of nearly three years and consisted in manipulation of his customers' accounts and of misappropriations of the collections therefrom. It is and was an essential element in defendants' theory of plaintiff's guilty participation in Borchardt's thefts that he suppressed the monthly statements which should have gone out to Borchardt's customers and which should have resulted in disclosure to defendants of the irregularities in the accounts. It is, of course, perfectly manifest that this suppression of statements was absolutely essential to the successful perpetration by Borchardt of his system of embezzlement. If the customers had received their statements showing that they had not been credited with the sums collected from them complaint at once would have been made to the firm with resulting detection. At the time of instituting their prosecution, defendants reasoned and even now argue most strenuously

that plaintiff was the only unchanging factor in the process by which these statements should have been placed in the hands of customers and that he must have suppressed them. In assuming plaintiff's guilt no fact outside possibly of Borchardt's confession received greater consideration by defendants than the one that plaintiff received these statements from the bookkeeper and hence that he must have taken part in suppressing them and that, therefore, he was guilty of complicity in the crimes committed. Defendants' assumption of plaintiff's guilt inevitably involved the supposition that he was interested in and had taken part in suppressing any acts which might lead to the discovery of Borchardt's irregularities.

Now, upon the other hand, we have the fact that during this very period upon at least ten occasions verification statements sent out to Borchardt's customers resulted in complaints to the plaintiff of irregularities in those accounts and that he duly and promptly reported these things to Mr. Leggett. It is argued that this evidence of plaintiff is denied by Mr. Leggett; that it is unreasonable and must be untrue. I do not think, however, that it can be disposed of in any such way as that. Upon a consideration of the weight of evidence, I might fully agree with this argument advanced by the learned counsel for the appellants. But that question is not before us. The evidence is in the case, and however contradicted or however unreasonable, we must, for the purposes of this appeal, assume it to be true.

Neither can it be erased from the record within the principles of *Linkauf* v. *Lombard* (137 N. Y. 417) as being a mere scintilla of evidence. It is positive, direct testimony of a witness to facts claimed to be within his personal knowledge, and as such, if it is sufficient to raise any issue, must be disposed of by a jury.

Appellants' counsel says that this evidence of plaintiff is absurd upon the face of it; that defendants would never have retained Borchardt in their employ if they had learned of irregularities in his accounts. The answer in plaintiff's evidence to this suggestion, in substance, is that the irregularities

were not very large, and that Borchardt made explanations which satisfied Mr. Leggett. That explanation may be reasonable or absurd. The reasonableness and truthfulness of the testimony is for the jury. (*McDonald* v. *Met. St. Ry. Co.*, 167 N. Y. 66.)

In deciding, as is virtually being done, that plaintiff should have been nonsuited, we must assume the truthfulness of any evidence produced by him, and give him the benefit of all reasonable inferences therefrom. Doing this, we, therefore, have it that at the very time when defendants assumed he was aiding Borchardt in his embezzlements and suppressing statements to customers, thereby preventing detection of these embezzlements, plaintiff was permitting statements to go out to other customers, and was reporting to defendants the irregularities which were discovered as the result of such latter statements. In other words, at the time when defendants charged plaintiff with aiding and abetting Borchardt to embezzle collections from customers' accounts in a certain method, they knew, as we must assume upon this argument, that he had called to their attention upon many occasions precisely similar irregularities in Borchardt's accounts; that he had given to them the precise information which was liable to lead to the detection of the very crimes for which a prosecution was then being instituted against him.

It is not natural for a criminal, voluntarily and intentionally, to give the information which will lead to the detection of the crimes in which he is engaged. It does not seem probable that if plaintiff was engaged in the commission of the offenses for which he was being prosecuted that he would at the same time be giving the information which ought to lead to their discovery. It does not seem as if the person considering prosecution would have probable cause to believe that the person engaged in criminal offenses would at the same time commit such contradictory acts. At least it cannot be said as a matter of law that a prosecutor had probable cause to assume guilt in the presence of acts upon the part of the supposed criminal so at variance with his guilt. It would be the

province of a jury as a question of fact to reach this conclusion, if it could be reached at all.

It is said in the prevailing opinion that the facts are undisputed, and that this being so the existence of probable cause is to be decided as a matter of law. If the facts are not only undisputed, but permit no divergent inferences, this is undoubtedly the rule; but where the facts, although not directly contradictory still are of such a nature that different men might draw different inferences, it is the general rule that a jury must say which inferences are to be drawn, and this rule, as I understand it, is applicable to such a case as this upon the issue of probable cause. (*Salt Springs Nat. Bank* v. *Sloan*, 135 N. Y. 371, 384; *Waas* v. *Stephens*, 128 N. Y. 123; *Heyne* v. *Blair*, 62 N. Y. 19, 23; *Fagnan* v. *Knox*, 66 N. Y. 525; *Scott* v. *Dennett Surpassing Coffee Co.*, 51 App. Div. 321.)

Therefore, compelled, as I think we are, to accept plaintiff's testimony as true, however unreasonable it might seem to us if permitted to weigh evidence, I believe it raised a question of fact as to the existence of probable cause, and that in the absence of other material errors the judgment must be affirmed.

CULLEN, Ch. J., GRAY, O'BRIEN and EDWARD T. BARTLETT, JJ., concur for reversal; WERNER and CHASE, JJ., concur with HISCOCK, J., for affirmance.

Judgment reversed, etc.