MILLER R. FOULKE, Appellant, v. NEW YORK CONSOLIDATED
RAILROAD COMPANY, Respondent.

Second Department, December 21, 1917.

False imprisonment — malicious prosecution — no arrest where
person voluntarily accompanies officer to police station — prob-
able cause — commitment by magistrate — when probable cause
question of law.

Where the plaintiff, a passenger on a subway train, found a package left
by another passenger and refused to give it to the employees of the
railroad · upon demand and a police officer being called, the plaintiff,
without being arrested, voluntarily accompanied the officer to the police
station where, after being held on bail, he was subsequently discharged,
there was no arrest which will sustain an action for false imprisonment.

It seems, that had the officer exhibited a warrant or had he asserted that
he would arrest the plaintiff, a submission to such show of force might
raise a question for the jury.

The fact that the magistrate committed the plaintiff is prima facie evidence
of probable cause in a subsequent action for malicious prosecution.

Where the facts are undisputed the question of probable cause is for
the court.

APPEAL by the plaintiff, Miller R. Foulke, from a judgment
of the Supreme Court in favor of the defendant, entered in
the office of the clerk of the county of Kings on the 15th
day of January, 1917, upon a dismissal of the complaint by
direction of the court at the close of plaintiff's case, and also
from an order entered in said clerk's office on the 22d day of
January, 1917, denying plaintiff's motion for a new trial
made upon the minutes.

Plaintiff was a passenger on the Fourth avenue subway
from Union street station to Coney Island. A passenger
getting out at Fifty-ninth street left a package on a vacant
seat. Plaintiff picked it up, saw that it bore no name, and
looked out to see if any one was returning. However, no
one appeared to claim it, and plaintiff took it with him as
he left the car at Coney Island. Before he had procured
his second ticket to be given up at the exit gate, the train-
guard asked plaintiff about the package. The general train-
master of defendant also interposed, and demanded that the

package be turned over to the railroad company. Plaintiff insisted on his right, as finder, to keep the package, and stated he would advertise for the owner. As a result of this dispute the railroad officials returned with a police officer, to whom plaintiff stated his position, and offered to give his name and address. The officer then said: " Let us go down and see the captain; " and so they went together to the police station, where the captain with plaintiff's consent, opened the package, which was found to contain a loaf of bread. The captain caused an entry to be made of a charge of " finding a package containing a loaf of bread on a West End train, and refusing to surrender same to officials of the B. R. T." The captain assumed to hold plaintiff to bail. On the following day plaintiff appeared before a city magistrate, who held plaintiff to bail. Plaintiff was subsequently discharged after a trial in the Court of Special Sessions, one justice dissenting. This action was for false imprisonment and for malicious prosecution.

At the close of plaintiff's case the court dismissed the complaint, holding that plaintiff voluntarily went to the police station, so that there was no false imprisonment, and that plaintiff had failed to show the absence of probable cause for the prosecution.

*George P. Foulk,* for the appellant.

*Harold L. Warner* [*George D. Yeomans* with him on the brief], for the respondent.

PER CURIAM:

Inasmuch as the officer made no attempt to arrest, and all went voluntarily to see the police captain, there was no arrest or imprisonment. Had the officer exhibited a warrant, or if he asserted that he would arrest plaintiff, a submission to such a show of force might raise a question for the jury. (*Searls* v. *Viets,* 2 T. & C. 224.) Here the officer heard both sides, and made a suggestion to refer the issue to the captain, which was assented to by all going to him. Hence, there was no cause of action for false imprisonment.

The facts were not in dispute. The servants of defendant,

without any malice, asserted a right to protect property left in the cars, and for such purposes demanded possession thereof. After a hearing the magistrate held plaintiff to bail. This was a legal determination of the crime, " and that there is sufficient cause to believe the defendant guilty thereof." (Code Crim. Proc. § 208.)

This case is extraordinary in this: That the trial of the civil action has shown the same facts as were passed on by the magistrate. The magistrate's commitment is a finding of sufficient cause to require holding the accused; hence it is *prima facie* evidence of probable cause in a subsequent action for malicious prosecution. (*Schultz* v. *Greenwood Cemetery,* 190 N. Y. 276.) Where the facts are undisputed, this question of probable cause is for the court. (*Rawson* v. *Leggett,* 184 N. Y. 504.)

The learned court at Trial Term having to rule on the issue of probable cause, was confronted with this *prima facie* effect of the fact of this commitment. Usually, such *prima facie* case is met by evidence which had not been before the magistrate, tending to show want of probable cause, or that the prosecution was inspired by malice. When plaintiff rested, this *prima facie* evidence, standing as it did unopposed, required the court, as a trier of that issue (*McCarthy* v. *Barrett,* 144 App. Div. 727), to dismiss the complaint.

Therefore, the judgment and order should be affirmed, with costs.

Present — JENKS, P. J., STAPLETON, RICH, PUTNAM and BLACKMAR, JJ.

Judgment and order unanimously affirmed, with costs.