Luigi Carere *vs.* F. W. Woolworth Company.

Suffolk.   October 21, 1926. — April 11, 1927.

Present: Rugg, C.J., Crosby, Carroll, Wait, & Sanderson, JJ.

*Malicious Prosecution,* Probable cause.   *Practice, Civil,* Ordering verdict, Charge to jury.

An exception to the denial of a motion, by the defendant in an action with a declaration in three counts for different causes of action, "that a verdict be ordered in his favor," will not be sustained although a verdict should have been ordered for the defendant on one of the counts.

In this Commonwealth, in an action of tort for malicious prosecution, a judgment of guilty in a lower court is conclusive proof of probable cause to institute the prosecution, and this is a conclusive defence to the action unless the judgment was obtained solely by perjured testimony given in person by the defendant charged with malicious prosecution, or procured by him to be given by others.

Evidence tending merely to show falsity of testimony of witnesses for the complainant in a lower court, defendant in an action for malicious prosecution, and that he threatened "to fix" the plaintiff before his arrest and prosecution, did not tend to show any conspiracy by the defendant or any subornation of perjury by him or in his behalf, or to support

a finding of fraud practised on the court where the conviction was obtained, or to impeach the force of that conviction as a defence to the action for malicious prosecution, and instructions to that effect should have been given.

It was *held* that there was no sound foundation for an exception by the defendant in the action for malicious prosecution above described to the judge's reading in his charge from the language of this court in *Stone* v. *Crocker*, 24 Pick. 81, at page 83.

TORT, with a declaration containing, as amended, three counts, the first for malicious prosecution, the second for false arrest and imprisonment, and the third for assault and battery.   Writ dated December 27, 1922.

In the Superior Court, the action was tried before *Cox*, J. Material evidence is stated in the opinion.   At the close of the evidence, the defendant moved "that a verdict be ordered in his favor."   The motion was denied.   The defendant then asked for the following rulings:

"4. There is no evidence that any perjury was committed by Walker or Orton or any fraud practised upon the Municipal Court.

"5. Upon the evidence the plaintiff was denied no opportunity to present all the facts to the lower court, and he did present them.   No fraud, therefore, was practised on the court or on him.

"6. The conviction of the plaintiff in the lower court is conclusive evidence that the defendant here had probable cause for the prosecution.   There is no evidence of fraud, perjury, subornation or conspiracy on the part of this defendant."

The rulings were refused.

During his charge, the judge quoted from *Stone* v. *Crocker*, 24 Pick. 81, at page 83, as follows: "Now nothing is better settled than that, upon proper facts, the action may be maintained, and with the best reason.   For what greater private injury can a man suffer than to be arraigned for a felony or a crime, exposed to the danger of a conviction and subjected to the expense, the vexation and ignominy of a public trial?   And what act can more deserve the severest animadversions of the law than the prostitution of its process to mere gratification of malice at the expense of innocence?

But it should be carefully guarded, and its true principles strictly adhered to, that it may not, on the one hand, impede the free course of public justice, or, on the other, suffer malice and causeless prosecutions to escape its grasp." To this quotation the defendant alleged exceptions.

*A. S. Phillips*, for the defendant.

*J. F. O'Connell*, for the plaintiff.

WAIT, J. The defendant contends that there was error (1) in refusing to grant its motion for a directed verdict for the defendant; (2) in refusing to give the instructions asked in its requests numbered 4, 5, and 6; and (3) in parts of the charge to the jury.

(1) The declaration contained three counts for assault, for false imprisonment, and for malicious prosecution. The motion for a directed verdict did not discriminate between these counts. It prayed that a general verdict for the defendant be ordered. There was evidence on the counts for assault and for false imprisonment which was properly for the jury to consider; the judge, therefore, could not rightly direct a general verdict for the defendant. There was no error in his refusal.

(2) The plaintiff was found guilty on the complaint made against him in the Municipal Court of the City of Boston, but in the Superior Court, on appeal, was found not guilty. The defendant contends that the finding in the Municipal Court establishes that there was probable cause for instituting the complaint, and that, consequently, a verdict for malicious prosecution in bringing and prosecuting it cannot be sustained.

This court in *Desmond* v. *Fawcett*, 226 Mass. 100, after a discussion of all the earlier cases in Massachusetts and of decisions elsewhere, established as the law of this Commonwealth, that a judgment of guilty found by a lower court is conclusive proof of probable cause to institute the prosecution, unless that judgment was obtained solely by perjured testimony given in person by the defendant charged with malicious prosecution or procured by him to be given by others. A declaration in a suit for malicious prosecution which shows by necessary implication that the plaintiff once

has been found guilty in a court of competent jurisdiction of the offence charged, although later found not guilty on appeal or review, is bad on demurrer, *Wingersky* v. *E. E. Gray Co.* 254 Mass. 198; and it is not saved by a general allegation that the earlier conviction was obtained by "fraud, conspiracy, perjury and subornation of perjury on the part of the defendant's agents or servants." *Dunn* v. *E. E. Gray Co.* 254 Mass. 202. *Dennehey* v. *Woodsum,* 100 Mass. 195. The principle underlying these cases is controlling here. No demurrer was filed, but the requests 4, 5, and 6, presented the question of law.

It appears that the Municipal Court heard testimony from the plaintiff and from two witnesses for the Commonwealth. Argument was made by an attorney for the plaintiff, but no counsel appeared for the Commonwealth. There is nothing to show any conspiracy by the defendant or any subornation of perjury by it or in its behalf. The mere falsity of the evidence of the two witnesses for the complainant, if there was falsity, does not impeach the conviction. *Parker* v. *Huntington,* 7 Gray, 36. A threat "to fix" the plaintiff, though followed by an arrest and prosecution, is not enough to support a finding of fraud practised on the court.

We cannot know that the judge of the Municipal Court did not act upon conclusions based in part on testimony given by the plaintiff. When that is so, a judgment of conviction must be taken as conclusive proof of probable cause to institute the proceeding, at least in an action for malicious prosecution.

The action is not one to be encouraged. *Wingersky* v. *E. E. Gray Co., supra.* The defendant's sixth request should have been given. The instructions actually given did not cure the error. No recovery on the first count was possible.

(3) There is no sound foundation to the exception to the charge in reading from *Stone* v. *Crocker,* 24 Pick. 81, at page 83, the characterization of the wrong inflicted by a malicious prosecution.

No exception was claimed to the statement that Walker was manager of the defendant. Had there been, the judge could have corrected what, doubtless, was a slip of the

tongue. It results that while the verdicts on the second and third counts can stand, the verdict on the first count must be set aside and the exceptions to the rulings upon malicious prosecution be sustained.

*So ordered.*