GOLDNER-SIEGEL CORPORATION, Plaintiff, *v.* KRAEMER HOSIERY COMPANY, a Foreign Corporation, and Another, Defendants.

Supreme Court, New York County, October 5, 1934.

*David H. Perlman,* for the plaintiff.

*Ira H. Ruben,* for the defendants.

ROSENMAN, J. The complaint, in substance, alleges that the defendants conspired together maliciously and without probable cause to file an involuntary petition in bankruptcy against the plaintiff in order to injure plaintiff's credit and business reputation and to remove it from the field of competition; that such petition was filed; that the issues involved were referred to a special master who, after hearings, rendered a report finding plaintiff solvent; that the United States District Court denied confirmation of the report and adjudicated the plaintiff a bankrupt; that from said adjudication an appeal was taken to the Circuit Court of

Appeals, which reversed the order of adjudication and dismissed the petition, stating that the referee's opinion should have been accepted; that the defendants had no probable cause to believe that the plaintiff was a bankrupt; that the plaintiff was put to great expense to defend the proceeding, suffered injury to its reputation, was put out of business for one year, and has been subjected to great loss, for which damages are demanded.

The defendants' contention is that the complaint on its face shows the existence of probable cause for bringing the bankruptcy proceedings, in that it alleges that the plaintiff was, after trial, actually adjudicated a bankrupt. They urge that nothing is alleged which rebuts the presumption of probable cause which arises from this judicial determination of bankruptcy.

Both parties agree that the facts of this case are analogous to the more usual case of malicious prosecution, in which a criminal proceeding has been instituted, an indictment has been found, or a committing magistrate has held the accused, and in which a dismissal of the indictment or a verdict of innocence ultimately ensues. The adjudication in bankruptcy is considered to be analogous to the holding by a magistrate, and the reversal by the Circuit Court of Appeals is considered to be analogous to the ultimate determination of innocence of an accused. The analogy is inferentially borne out by the case of *Cohen* v. *Fisher & Co.* (135 App. Div. 238). Clear it is that in an action for malicious prosecution arising out of a civil proceeding, such as a petition in bankruptcy, there must be alleged and proved the same lack of probable cause as where the action arises from a criminal proceeding. (*Willard* v. *Holmes, Booth & Haydens*, 142 N. Y. 492; *Ferguson* v. *Arnow*, Id. 580.)

The rule is now settled that a *prima facie* case of probable cause is established by showing that the accused was actually indicted or held by a magistrate. This arises from the obvious inference that if a judicial officer or a grand jury come to the conclusion, after hearing the evidence of the People, that a *prima facie* case exists against the accused, then the accuser or the informant had probable cause also to believe that the accused had committed the offense charged. In this way, appropriate weight and credit is given to judicial determination. The provisions of sections 208 and 258 of the Code of Criminal Procedure also support such conclusion. The authorities are now uniform in this State to that extent. But there has not always been complete agreement among them as to what is necessary in order to overcome this *prima facie* case. It will be helpful to examine some of these cases in detail.

In the case of *Rawson* v. *Leggett* ([1906], 184 N. Y. 504) the court stated the general principles for determining whether or not probable cause existed. In that case the plaintiff had been indicted as a result of the acts of the defendant. The conclusion reached in the opinion, however, was not in any way based on the fact of the indictment. The court found that probable cause existed as a matter of law apart from the indictment. Consequently, it did not rely on the indictment to make out a *prima facie* case.

The effect of an indictment was similarly disregarded in *Burns* v. *Wilkinson* ([1920] 228 N. Y. 113). There, too, the plaintiff had been held by the committing magistrate and had been indicted. He was subsequently acquitted. He obtained a verdict in his action for malicious prosecution against the complainant. The Appellate Division reversed the judgment entered on this verdict " upon the ground that as a matter of law the defendant had probable cause " (181 App. Div. 949). The Court of Appeals reversed and reinstated the judgment of the Trial Term on the ground that it was for the jury to determine whether or not " a discreet and prudent person would have been led to the belief that the accused had committed the crime of which he was charged." Here again no attention was paid in the opinion to the indictment or to the action of the committing magistrate. It was apparently not considered as an element in determining the question of probable cause. An examination of the briefs submitted to the court discloses that no point was made by counsel as to the establishment of a *prima facie* case by reason of the indictment.

It is interesting to note that between the decisions in *Rawson* v. *Leggett* (*supra*) and *Burns* v. *Wilkinson* (*supra*) the Court of Appeals had definitely laid down the rule that a holding by a magistrate was *prima facie* evidence of probable cause for the prosecution. (*Schultz* v. *Greenwood Cemetery*, [1907] 190 N. Y. 276.) Yet this rule seems to have been ignored in the opinion in the *Wilkinson* case; and indeed was not even called to the attention of the court by counsel. At the same term of court that decided the *Wilkinson* case the court affirmed a judgment dismissing a complaint for malicious prosecution on the ground that probable cause existed as a matter of law. (*Foulke* v. *N. Y. Consolidated R. R. Co.*, 228 N. Y. 269.) In that case again the Court of Appeals in its opinion took no account of the fact that the plaintiff had been held in the Magistrates' Court in the criminal proceeding about which he complained, although the Appellate Division, arriving at the same result, founded its conclusion on the rule that the holding by the magistrate established *prima facie* evidence of probable cause. (180 App. Div. 848.)

The next case in the Court of Appeals involving this question was *Hopkinson* v. *Lehigh Valley R. R. Co.* ([1928] 249 N. Y. 296). The plaintiff there had been indicted upon facts which were presented by the railroad company to the district attorney after independent investigation by the district attorney. The indictment came on for trial and was dismissed. The court stated that " The appeal requires us to say what effect the indictment had upon the plaintiff's right to recover. This point does not seem to have been heretofore clearly passed upon by this court, although raised in *Rawson* v. *Leggett* (184 N. Y. 504)."

While the question had not been theretofore clearly passed upon by the Court of Appeals where an indictment had been found, it had been passed upon by the court, as the opinion itself shows, where a committing magistrate had held the accused for the grand jury (*Schultz* v. *Greenwood Cemetery*, 190 N. Y. 276). The question had not been passed upon in either of the cases of *Rawson* v. *Leggett* (*supra*) and *Burns* v. *Wilkinson* (*supra*), probably for the reason that it had not been submitted to the court for its determination. As the court pointed out in the *Hopkinson* case, the effect of an indictment by a grand jury and of a holding by a magistrate are similar in their bearing upon the question of probable cause. The court comes to the conclusion flatly that the effect of either is to create a *prima facie* case for the existence of probable cause.

The important element of the *Hopkinson* case for us to consider here is that it lays down for the first time in this State the criteria for overcoming this *prima facie* case. The tests are enumerated on page 300 of the opinion as follows: " The plaintiff in his malicious prosecution case must, therefore, meet this *prima facie* evidence of probable cause by showing that the defendant did not make a full and complete statement of the facts either to the magistrate or to the district attorney; has misrepresented or falsified the evidence, or else has kept back information or facts which might have affected the result. When the Lehigh Valley Railroad Company presented all its information to the public prosecutor, who himself conducted an independent investigation, and presented the matter to the grand jury, which found an indictment against the plaintiff, to succeed in an action for malicious prosecution, the plaintiff must show that the defendant or its agents did not make a full and complete statement of the facts to the prosecuting officer, or kept back information which in all fairness should have been submitted to him."

The court found that there was no evidence that the defendant had not made a full and complete statement to the district attorney of all the facts and information within its possession; that there

was no claim that the agents of the defendant had falsified. The court accordingly reversed the judgments of the Appellate Division and the Trial Term which were based upon a verdict of the jury and then dismissed the complaint " for this failure in the evidence to show the want of good faith, or a full and fair statement of the facts to the District Attorney."

Thus the Court of Appeals finally and definitely determined that a *prima facie* case of probable cause is made out by a showing of an indictment or of a holding by a magistrate; and set forth the *sole* grounds on which such *prima facie* case may be overcome.

The Appellate Division in this Department had referred to the same principle many years before in a case somewhat similar to the one at bar. (*Cohen* v. *Fisher & Co.*, 135 App. Div. 238.) That was an action for malicious prosecution in starting a bankruptcy proceeding. The opinion, in discussing the complaint, states: " It is not alleged that Taylor knowingly made any false allegations in either petition to the Federal court, nor is it even expressly alleged that any of the allegations contained in either petition were false."

The next case in the Court of Appeals was *Graham* v. *Buffalo General Laundries Corporation* ([1933] 261 N. Y. 165). It reiterated the principle that the holding by a magistrate establishes *prima facie* probable cause for the prosecution, citing as authority the *Hopkinson* case. It held, however, that the general averment of want of probable cause in a complaint is insufficient where the complaint sets forth this *prima facie* evidence. It points out that " this is the almost universal rule." (Citing cases in many jurisdictions.)

It is clear that when the court stated on page 168 that the " pleader should be required by appropriate allegations to overcome the defect of his admissions of the existence of probable cause " it had in mind the case of *Hopkinson* v. *Lehigh Valley R. R. Co.* (*supra*) and the tests therein laid down for overcoming the presumption. It paraphrased the tests itself on page 168, viz., " Unless the plaintiff alleges in his complaint that the judgment was improperly obtained and was the result of acts of malice, fraud and oppression on the part of the defendant."

The court expressly overrules the case of *Beall* v. *Dadirrian* (62 Misc. 125; affd., on opinion below, 133 App. Div. 943). That case decided that the holding of a plaintiff by a magistrate is *prima facie* evidence of probable cause, but that under a general allegation of lack of probable cause, the plaintiff may show that upon all the facts in the case there was no probable cause. The Court of Appeals rejects this conclusion, although it points out that it has support in a few jurisdictions. The court states the distinction which exists in this minority rule and obviously disagrees with it.

" The distinction is based on the theory that on a trial where both parties have presented their proofs, the effect of a judgment is to establish probable cause with finality, unless the plaintiff alleges in his complaint that the judgment was improperly obtained and was the result of acts of malice, fraud and oppression on the part of the defendant, which had the effect of depriving plaintiff of an opportunity to be heard in his own behalf, while the magistrate's ruling is only *prima facie* proof on the question of probable cause and may be overcome by evidence offered under the general allegation."

Any doubt as to this conclusion is dispelled by the opinion of MARTIN, J., in *Finsilver* v. *Still* ([1934] 240 App. Div. 87). In that case a magistrate had held the accused. The complaint, relying upon the *Hopkinson* case and the *Graham* case, set forth that the defendant had misrepresented and falsified the evidence and had withheld information and facts which would have affected the result before the magistrate. The court, at Special Term, held the complaint sufficient. The Appellate Division reversed this determination, however, and dismissed the complaint. It reiterated (p. 89) the tests established in the *Hopkinson* case as necessary to meet the *prima facie* evidence of probable cause, viz., " that the defendant did not make a full and complete statement of the facts either to the magistrate or to the district attorney; has misrepresented or falsified the evidence, or else had kept back information or facts which might have affected the result." It went further, however, and decided that, although the complaint actually set forth such misrepresentation, falsification of evidence and withholding of information, nevertheless the pleading was defective in that it set these allegations forth as conclusions rather than the facts of the misrepresentation, falsification and withholding. It pointed out that under the rule of the *Buffalo General Laundries* case facts must be pleaded rather than conclusions. Even the dissenting opinion agrees with the criteria necessary to rebut the presumption, and differs only in its belief that facts had been alleged rather than conclusions.

There remains to be considered the case of *Wallenstein* v. *Rosenbaum* (241 App. Div. 374). It should be noted that this case does not cite either the *Hopkinson* case or the *Finsilver* case, but relies on *Burns* v. *Wilkinson* (*supra*) and on the statement in *Graham* v. *Buffalo General Laundries Corporation* (*supra*), that the " plaintiff may overcome the presumption by pleading appropriate facts to show that there was no probable cause." From the opinion it is not quite clear what facts the plaintiff set forth to overcome the presumption, although on page 375 it is stated that " defendant

is claimed to have falsely testified under oath as to the commission of the alleged crime of grand larceny." An examination of the case on appeal in this case shows (pp. 7–19) that these allegations appear in the amended complaint, namely, that the defendant falsely testified under oath. Hence the case really comes within the principles enunciated in the *Hopkinson* case.

The pleadings in the case at bar do not comply with any of the tests laid down in these cases to overcome the *prima facie* case made by the adjudication in bankruptcy. There is merely a bare allegation of absence of probable cause. Obviously, this is insufficient.

Although both parties have construed this case as analogous to the finding of an indictment or the holding by a magistrate, and although everything said above has been on the assumption of such analogy, it should be pointed out that the actual adjudication of bankruptcy in the case at bar provides a much stronger case for the existence of probable cause. There is a decided difference between a holding by a magistrate or the return of an indictment on the one hand, and an adjudication after trial on the other. The former are based wholly on *ex parte* evidence; whereas the latter is based upon a complete trial in which both parties are heard. This distinction is pointed out in the *Buffalo General Laundries Corporation Case (supra*, 167).

In several States it has been held that an adjudication after trial is conclusive presumption of probable cause, even though the adjudication is reversed by an appellate court, as it was in the case at bar. (*Sidelinger* v. *Trowbridge*, 113 Me. 537; 95 A. 213; *Cooper* v. *Hart & Co.*, 147 Pa. 594; 23 A. 833; Cooley Torts [4th ed.], § 118.)

In other jurisdictions the courts have referred to such adjudications as " conclusive " on the question of probable cause even though subsequently reversed; but have stated that they could be overcome by a showing of fraud or perjury. Strictly speaking, such a presumption cannot be " conclusive " since it is subject to rebuttal. It seems to be identical with the rule laid down in the *Hopkinson* case in New York for all cases of judicial determination whether *ex parte* or after trial, viz., that fraud or perjury alone can rebut the presumption. Such cases are: *Crescent Live Stock Co.* v. *Butchers' Union* (120 U. S. 141); *Short & Co.* v. *Spragins, Buck & Co.* (104 Ga. 628; 30 S. E. 810); *Schnider* v. *Montross* (158 Mich. 263; 122 N. W. 534); *Wingersky* v. *Gray Co.* (254 Mass. 198; 150 N. E. 164); *Dunn* v. *Gray Co.* (254 Mass. 202; 150 N. E. 166); *Carere* v. *Woolworth Co.* (259 Mass. 238; 156 N. E. 55); *Adams* v. *Bicknell* (126 Ind. 210; 25 N. E. 804); *Duerr* v. *Ky. & Ind. Bridge & R. R.*

*Co.* (132 Ky. 228; 116 S. W. 325); *Cooper* v. *Hart & Co.* (147 Penn. St. 594) and *McElroy* v. *Catholic Press Co.* (254 Ill. 290; 98 N. E. 527).

The cases in New York were not uniform. Some cases held a conviction after trial conclusive, if obtained in a superior tribunal even though subsequently reversed (*Francisco* v. *Schmeelk*, 156 App. Div. 335); but not where convicted by a justice of the peace or a similarly inferior tribunal (*Burt* v. *Place*, 4 Wend. 591; *Ruhle* v. *White*, 198 App. Div. 388; *Nicholson* v. *Sternberg*, 61 id. 51). (See discussion of these cases in *Beall* v. *Dadirrian, supra.*) The court in *Burt* v. *Smith* (181 N. Y. 1, at p. 7) points out the difference between a final judgment as in the case at bar, and a preliminary determination such as an indictment in a criminal case or a provisional order in a civil case.

These distinctions no longer exist in this State. Under the principle of the *Hopkinson* case, as followed in the *Buffalo General Laundries* case, the same test applies to both classes of cases. Was there fraud? Was there perjury? Was there a withholding of evidence? If not, then probable cause has been established either by the indictment or by the conviction or by the judgment.

The complaint does not allege any fact to bring it within this principle. Consequently it should be dismissed.