ERNEST VAN BUREN; Plaintiff, *v.* CONSUELO W. FORD, Defendant.

County Court, Columbia County, July 11, 1947.

*Harold A. Callan* for plaintiff.

*Harold V. A. Drumm* for defendant.

Connor, J.  The defendant, Consuelo W. Ford, and her husband own and occupy a farm residence in a secluded section of Columbia County.  In July of 1946 they had in their employ two colored maids.  The colored maids occupied a wing of this farmhouse.  On the evening of July 6, 1946, sometime between ten and eleven o'clock of that night, while the maids were undressing and preparing for bed, they were frightened by a noise or a voice from outside of the house, and someone on the outside of the house in some particular words or substance stated that he would knock the door down.  The maids came into the living room where the defendant was entertaining two guests and a considerable disturbance took place.  When the people in the house went outside they found the plaintiff, a young negro of Chatham who bears the highest and best reputation in his community, according to the evidence, whom the defendant had known for some time and whom she had employed.  When asked what he was doing in the yard at this time of night he replied that he had an open invitation to visit the maids.  He was brought into the house, the maids denied that they had any date with him, and he was ordered off the premises.  The following day, or the day thereafter, the defendant went to a justice of the peace in the town of Chatham, told the justice of the peace what had happened, and asked that something be done about it.  The justice of the peace reduced her story to writing in the form of an information, prepared two depositions for the maids who also told what had happened, and how they had been frightened and disturbed and the plaintiff was thereby charged with the crime of disorderly conduct.  The defendant being untrained in the law, did not select nor indicate the particular section of the Penal Law with which the plaintiff was to be charged, but left this entirely to the discretion of the justice of the peace who, incidentally, also was not a lawyer.  Thereafter a trial was conducted in Justice's Court without a jury, the plaintiff herein being represented by counsel, and the defendant herein having employed counsel to act on behalf of the People of the State of New York.  After considerable testimony was

taken in which both maids testified against the plaintiff herein, the plaintiff herein was found guilty and given a suspended sentence. An appeal was taken to this court from that conviction. Upon appeal the District Attorney of the county conceded that the crime of disorderly conduct had to be committed in a public place and consented to a reversal. Upon this appeal this court reversed the conviction.

This action results from the above facts and is one of false arrest and the jury has rendered a verdict in favor of the plaintiff and against the defendant. The jury was charged that despite the reversal on appeal, the plaintiff's conviction before the justice of the peace was prima facie evidence of probable cause. (*Burt* v. *Smith,* 181 N. Y. 1; *Rawson* v. *Leggett,* 184 N. Y. 504; *Tyson* v. *Bauland Co.,* 186 N. Y. 397; *Francisco* v. *Schmeelk,* 156 App. Div. 335; *Goldner-Siegel Corp.* v. *Kraemer Hosiery Co.,* 153 Misc. 159.) No exception was taken to this charge and it became the law of the case. So far as I am able to determine, the only thing that this court left for the jury to decide was whether or not the defendant, despite the presumption that was raised that there was probable cause by reason of the conviction before the justice of the peace, instituted the action maliciously by the presentation of false testimony or by withholding from the justice of the peace facts that would explain the suspicious appearance and exonerate the accused from a criminal charge.

I am unable to find in the evidence any testimony of any kind or nature indicating any ill feeling between the parties hereto prior to the arrest of the plaintiff, or any direct evidence of malice. True it is that malice is seldom established by direct evidence, but there is nothing in the circumstances such as the relationship of the parties, or the motive of the defendant from which a jury could even infer malice, unless the statement of the court of appeals in *Dean* v. *Kochendorfer* (237 N. Y. 384, 389) that " Defendant might have acted in the honest and reasonable belief that plaintiff was guilty of disorderly conduct, but his good faith would not exonerate him if the facts themselves as presented to him did not constitute disorderly conduct " is to be applied to every case. I do not think this is the interpretation to be placed on the quoted portion of the *Kochendorfer* case. This statement in the decision I deem as dicta applying only to the facts in that case, for in that case the defendant was a lawyer and the plaintiff was a magistrate and a member of the legal profession.

The Justice's Court of this State was established and continues to be the only forum to which a great percentage of the inhabitants of this State may resort for relief from minor and trivial wrongs. It is presided over by butchers and bakers and candlestick makers. If the price that one must pay, who relies upon the skill of one untrained in the law to select the section of the Penal Law that fits the facts, is a judgment of false arrest, then the enforcement of the misdemeanor sections and those provisions of law, the jurisdiction of which is placed in the hands of the justices of peace, will fail.

The motion of the defendant to set aside the verdict as contrary to law, contrary to the evidence and against the weight of the evidence, is granted.

Submit order.